UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

The Gardens, LLC                              Case No. 6:17-bk-04444-CCJ
                                              Chapter 11

        Debtor.
_____/

**ACTING UNITED STATES TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION AND FINAL APPROVAL OF DEBTOR'S DISCLOSURE STATEMENT**

    Guy G. Gebhardt, Acting United States Trustee for Region 21 ("United States Trustee"), by and through his undersigned counsel, objects to the confirmation of The Gardens, LLC's ("Debtor") Plan of Reorganization and Modifications to Plan of Reorganization (Dkt. Nos. 35 and 50; collectively referred to as the "Plan") and final approval of the Debtor's Disclosure Statement (Dkt. No. 34; the "Disclosure Statement"), and states:

    1.    The United States Trustee has standing to object to confirmation of chapter 11 plans explicitly under 28 U.S.C. § 586(a)(3)(B), and generally under 11 U.S.C. §§ 307 and 1128(b).

    2.    On September 7, 2017, the Debtor filed the Disclosure Statement (Dkt. No. 34) and the Plan of Reorganization. (Dkt. No. 35). On October 25, 2017 the Debtor filed Modifications to Plan of Reorganization Submitted by The Gardens, LLC. (Dkt. No. 50).

    3.    On September 25, 2017, this Court entered its *Order Conditionally Approving Disclosure Statement, Scheduling Hearing on Final Approval of Disclosure*

1

*Statement and Confirmation of Plan of Reorganization, Fixing Time for Filing Fee and Other Administrative Expense Applications, Fixing Times for Filing Acceptances or Rejections of Plan, and Objections to the Disclosure Statement and to the Confirmation of the Plan* (Dkt. No. 45; the "Scheduling Order"), wherein the Court scheduled a hearing on confirmation of the Plan and final approval of the Disclosure Statement for November 9, 2017 at 2:45 p.m. (the "Confirmation Hearing").

4. The Scheduling Order also provided that any objections to confirmation of the Plan or final approval of the Disclosure Statement shall be filed seven days before the Confirmation Hearing, or by November 2, 2017. This objection is timely.

5. The United States Trustee objects to the Disclosure Statement as it fails to provide adequate information to allow a creditor to determine whether to vote to accept or reject the Plan. The Disclosure Statement fails to provide:

   a. Information indicating whether there is a proposed or executed real estate contract between the Debtor and Lion Financial, LLC.

   b. Information regarding the financial ability of Lion Financial, LLC to consummate the purchase of real estate as delineated under the Plan.

   c. Information regarding the estimated time frame needed to obtain court approval of the Settlement Agreement[1] between the Debtor and various parties in the estate of *In re Asset Resolution LLC*, Case No. 09-bk-23824-RCJ filed in the United States Bankruptcy Court for the District of Nevada. The information should include whether a motion to approve the Settlement Agreement has been filed, whether confirmation

---

[1] Capitalized terms not specifically delineated in this Objection refer to the defined terms found in the Plan.

2

of Debtor's Plan is a necessary prerequisite to seeking approval, or whether an order approving the Settlement Agreement has already been entered. Approval of the Settlement Agreement in the pending bankruptcy case in Nevada is a condition to the effectiveness of the Plan.

d. Information regarding Mr. Granatstein and Ms. Unger's ability to fund payment to all Allowed Administrative Claims, as well the additional $10,000.00 payment contemplated in the Plan.

e. Information regarding: (i) the historical operations of the Debtor; (ii) any loans provided by related entities during the pendency of this case; and (iii) future projections.

f. Information regarding Parliament's and Parliament Vacation Club, LLC's ability to fund the future operating expenses of the Debtor as contemplated in the Plan.

g. As of the date of the filing of this objection, the Debtor has not filed the August 2017 or September 2017 Monthly Operating Reports ("MOR"). The only MOR filed in this case is for the time period of July 3, 2017 to July 31, 2017. The financial condition of the Debtor during the pendency of the case has been unable to be monitored without the filing of the MORs.

6. The UST objects to confirmation of the Plan on the following grounds:

a. The Plan may violate the absolute priority rule provisions pursuant to 11 U.S.C. § 1129(b)(2)(B)(ii) depending on the vote of the unsecured creditors, notwithstanding the equity interests being extinguished and

    revesting in Mr. Granatstein and Ms. Unger in exchange for payment of some administrative expenses plus $10,000.00.

b. The Plan fails to meet the requirements of 11 U.S.C. §1129(a)(11) without financial information to substantiate the ability of (i) Lion Financial, LLC to close on the sale of the real property within 90 days of the effective date of the Plan; (ii) Mr. Granatstein to fund both administrative expenses and $10,000.00 within 90 days of the effective date of the Plan; and (iii) Parliament and Parliament Vacation Club, LLC's to fund the future operating expenses of the Debtor.

c. No contingency plan is provided in the Plan in the event that the Settlement Agreement is not approved or in the event that a closing of a sale of real estate does not occur with Lion Financial, LLC within the time periods contemplated.

d. The exculpation provisions found in Article VIII, Section G have been improperly noticed to creditors.  Federal Rule of Bankruptcy Procedure 2002(c)(3) requires a notice of hearing on confirmation to include in conspicuous language (bold, italic, or underlined text) a statement that the plan proposes an injunction; describe the nature of the injunction, and identify the entities that would be subject to the injunction.  As a consequence, the exculpation provisions should be disallowed.

e. The UST objects to the exculpation provisions in Article VIII, Section G on the basis that it: (i) attempts to release from liability professional negligence of Professionals; (ii) asserts that "any ballot voted in favor of

       the plan shall act as consent by the creditor casting such ballot to this exculpation from liability provision" when this language does not appear on the ballot itself; and (iii) requires creditors not voting to accept the plan to file a civil action within ninety days following the effective date or forever bar the assertion of a negligence claim.

  f.  The UST further objects to the exculpation provisions based on *In re Seaside Engr. & Surveying, Inc.*, 780 F.3d 1070, 1078–79 (11th Cir. 2015), *cert. denied sub nom. Vision-Park Properties, LLC v. Seaside Engr. & Surveying, LLC*, 136 S. Ct. 109 (2015) which adopted the *Dow Corning* seven factor test[2] when determining whether releases in a plan would be acceptable. The Eleventh Circuit agrees "with the majority view that such bar orders ought not to be issued lightly, and should be reserved for those unusual cases in which such an order is necessary for the success of the reorganization, and only in situations in which such an order is fair and equitable under all the facts and circumstances. The inquiry is fact intensive in the extreme." *Id*. The Debtor has not met the burden of proof required in *Seaside* to approve the release of claims

---

[2] The seven-factor test allows a bankruptcy court to enjoin a non-consenting creditor's claims against a non-debtor if: "(1) There is an identity of interests between the debtor and the third party, usually an indemnity relationship, such that a suit against the non-debtor is, in essence, a suit against the debtor or will deplete the assets of the estate; (2) The non-debtor has contributed substantial assets to the reorganization; (3) The injunction is essential to reorganization, namely, the reorganization hinges on the debtor being free from indirect suits against parties who would have indemnity or contribution claims against the debtor; (4) The impacted class, or classes, has overwhelmingly voted to accept the plan; (5) The plan provides a mechanism to pay for all, or substantially all, of the class or classes affected by the injunction; (6) The plan provides an opportunity for those claimants who choose not to settle to recover in full and; (7) The bankruptcy court made a record of specific factual findings that support its conclusions. *In re Seaside,* 780 F.3d at 1079 (*citing In re Dow Corning Corp.*, 280 F.3d 648, 658 (6th Cir. 2002)).

against professionals. As a result, the exculpation provisions appear to be inappropriate.

WHEREFORE, based on the foregoing, the United States Trustee objects to confirmation of the Debtor's Plan and final approval of the Disclosure Statement.

DATED: November 2, 2017

Respectfully submitted,

Guy G. Gebhardt
Acting United States Trustee
Region 21

/s/ Elena L. Escamilla
Elena L. Escamilla, Trial Attorney
Florida Bar No.: 898414
Office of the United States Trustee
U.S. Department of Justice
George C. Young Federal Building
400 W. Washington Street, Suite 1100
Orlando, FL 32801
Telephone No.: (407) 648-6301, Ext. 127
Facsimile No.: (407) 648-6323
Elena.L.Escamilla@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Objection has been furnished electronically on November 2, 2017 to all parties appearing electronically in this case and by U.S. Mail first class postage prepaid to the Debtor, The Gardens, LLC, 410 N. Orange Blossom Trail, Orlando, FL 32805.

/s/ Elena L. Escamilla
Elena L. Escamilla, Trial Attorney